IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCO DANE ACOFF, #210577,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:09-CV-44-TMH |
| ) | [WO] |
| ) | |
| MRS. AUSTIN, et al.,   ) | |
| ) | |
| Defendants.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Marco Dane Acoff ["Acoff"], an indigent state inmate currently confined at the Kilby Correctional Facility. In this complaint, Acoff alleges several female correctional officers have slandered his name and defamed his character by referring to him using a derogatory moniker that is sexual in nature. *Plaintiff's Complaint - Court Doc. No. 1* at 3. Acoff further challenges the constitutionality of these derogatory comments. *Id*.

Upon consideration of the claims presented in the complaint and in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), the court concludes that dismissal of this case with prejudice prior to service of process is appropriate.[1]

---

[1] The court entered an order granting Acoff leave to proceed *in forma pauperis* in this cause of action. *Order of January 23, 2009 - Court Doc. No. 3*. Consequently, Acoff must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. The Slander/Defamation of Character Claims

Acoff complains the derogatory name utilized by the defendants constitutes "slander ... [and] defamation of character." *Plaintiff's Complaint - Court Doc. No. 1* at 3. The law is well settled that a 42 U.S.C. § 1983 action cannot be predicated upon a theory of slander, defamation or libel. *Paul v. Davis*, 424 U.S. 693 (1976); *Cypress Ins. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1995); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990). Thus, Acoff's claims for relief based on any such theory of liability are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] The slander and defamation of character claims are therefore due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Derogatory Name Claim

Acoff complains that female correctional officers improperly refer to him as "a D--k Jacker...." *Plaintiff's Complaint - Court Doc. No. 1* at 3. To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

837, 840 (11th Cir. 1993). Derogatory or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (reference to plaintiff "as a 'snitch' in the presence of other inmates" does not rise to the level of a constitutional violation); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (verbal taunts directed at plaintiff do not violate his constitutional rights); *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983) (disparaging comments directed to an inmate by a correctional officer do not implicate the Constitution). Thus, the comments about which Acoff complains fail to allege the deprivation of any constitutionally protected right, privilege or immunity and this claim is therefore due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process as required by the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before February 9, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of January, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE